UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 09-60680-CIV COOKE/BANDSTRA

OWEN HARTY,

   *Plaintiff*,

v.

ATLANTIC CROSSING ADP, LLC,

   *Defendant*.

_____/

**FINAL ORDER APPROVING AND ENTERING
CONSENT DECREE AND DISMISSING CASE**

THIS MATTER is before me on the Stipulation For Approval and Entry of a Consent Decree and Dismissal of the Case [D.E. 19]. I have reviewed the pleadings and papers filed in this case, and the Stipulation for Approval and Entry of Consent Decree, and being otherwise fully advised in the premises, I hereby

**ORDER AND ADJUDGE** that:

1. The Consent Decree, in the form attached as Exhibit A to this order, is APPROVED and ENTERED, with the Court retaining jurisdiction over this matter for the purpose of enforcement of the Consent Decree.

2. This case is DISMISSED with prejudice. All pending motions are DENIED as moot; the Clerk shall CLOSE this case.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 24th day of September 2009.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**OWEN HARTY, Individually,**

    **Plaintiff,**

v.

**ATLANTIC CROSSING ADP, LLC, A Foreign Limited Liability Company,**

    **Defendant.**

_____

Case No.: 0:09-cv-60680-MGC

# CONSENT DECREE

This Consent Decree is entered into by and between OWEN HARTY, Individually, hereinafter sometimes referred to as "Plaintiff," and ATLANTIC CROSSING ADP, LLC, a Foreign Limited Liability Company, hereinafter sometimes referred to as "Defendant," on the date last executed below.

WHEREAS: The Defendant's property is known as the Plaza 750-810 N. University Drive, Coral Springs, Florida (hereinafter the "Subject Property"). Plaintiff claims that there are architectural barriers existing at the Subject Property that constitute violations of the Americans with Disabilities Act that unlawfully limit the Plaintiff's use of the Subject Property. Defendant does not admit, and expressly denies, all of the allegations of the Plaintiff's Complaint, but desires to avoid further expense, time, effort and uncertainty in regards to this action. Moreover, after extensive review, the parties have determined that the modifications to the Subject Property agreed to herein constitute readily achievable and technically feasible measures to bring Defendant and the Subject Property into compliance with the Americans with Disabilities Act. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and

6663342v3
RM:6663342:2

Exhibit A

sufficiency of which is hereby acknowledged by the parties, Plaintiff and Defendant hereby agree to the following terms and conditions as full and complete settlement of this action:

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the reinspection date set forth below, unless a different completion date is otherwise stated herein. A final property reinspection conducted by Plaintiff will take place on or after March 1, 2013 to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiff's counsel, expert(s) and/or representatives shall be provided access to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby. In any event, Defendant or its counsel shall notify Plaintiff's counsel by Certified Return Receipt Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to immediate injunctive relief.

2. Defendant shall pay Plaintiff's counsel, Thomas B. Bacon, Plaintiff's attorneys' fees, litigation expenses and costs incurred in this matter. The amounts to be paid shall be established by counsel for the parties by separate Stipulation Agreement, which is incorporated as part of this Consent Decree.

3. Within five (5) days of the execution by both parties of this Consent Decree, the parties shall request the Court to enter an Order approving and entering the Consent Decree, providing for the entry of final judgment as to all claims and providing for the retention of jurisdiction by the Court to enforce, as necessary, the terms of this Consent Decree.

4. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees.

5. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

6. The parties agree that any delays in making the modifications to the Subject Property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

6663342v3
RM:6663342:2

7. Upon the Court's approval of this Consent Decree, Plaintiff hereby releases and discharges Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans with Disabilities Act. This provision is limited to the Subject Property.

8. All references to the ADAAG refer to the following:
28 CFR Chapter 1 Part 36, App. A. – ADAAG

9. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG.

10. Upon the Court's approval of this Consent Decree, Plaintiff will not hereafter assert or claim that Defendant is required to make additional or different modifications to the Subject Property or to follow different standards for future construction other than that which is set forth herein.

11. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any parties signature shall be deemed as legally binding as the original signatures.

12. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

13. The Defendant shall complete all modifications and submit to Plaintiffs' counsel a letter summarizing the modifications it has made pursuant to this Consent Decree by March 1, 2013.

14. The Defendant agrees to implement by no later than March 1, 2013, the following modifications to the Subject Property:

A. Defendant shall modify its accessible parking spaces, access aisles and accessible routes from the spaces to the building to ensure that they comply with the current versions of Florida Statute 553.5041 and ADAAG sections 4.6, 4.7 and 4.3.

B. Defendant shall ensure that its public restrooms comply with the current versions of ADAAG sections 4.16, 4.17, 4.18, 4.19, and 4.24.

C. With respect to tenant spaces, Defendant's obligations shall be satisfied by sending a letter to each tenant advising of its obligations to comply with the ADA.

6663342v3
RM:6663342:2

**SIGNATURES:**

Parties:

<u>**PLAINTIFFS:**</u>

By: _____          Date: _____
OWEN HARTY


<u>**DEFENDANT:**</u>

By: *Cathy Green*                    Date: 9-8-09
ATLANTIC CROSSING ADP, LLC

6663342v3
RM:6663342:2

**SIGNATURES:**

Parties;

<u>**PLAINTIFFS:**</u>

By: _____   Date: 08/25/2009

OWEN HARTY

<u>**DEFENDANT:**</u>

By: _____   Date: _____

ATLANTIC CROSSING ADP, LLC

RM:6663342:2

4